IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

**KENNETH CARL BROOKS,**                FROM THE CIRCUIT COURT OF
                                        DAVIDSON COUNTY, # 92D-2591
    Petitioner-Appellant,       THE HONORABLE MARIETTA
                                        M. SHIPLEY, JUDGE
Vs.                                     C.A. No. 01A01-9607-CV-00312
                                        ***VACATED AND REMANDED***

**RAMONA E. BROOKS,**
                                        Sandra Jones of Nashville
    Respondent-Appellee.        For Appellant

                                        No appearance for Appellee
_____

MEMORANDUM OPINION[1]

**FILED**

**February 26, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

_____

*CRAWFORD, J.*

This appeal involves a post-divorce proceeding between petitioner, Kenneth Carl Brooks (hereinafter Husband) and respondent, Ramona E. Brooks (hereinafter Wife). Husband appeals from the order of the trial court establishing arrearage in ld support payments and modifying the amount of the previously ordered child support. Husband filed a " Petition for Specific Visitation, and Modification of Child Support." Wife filed a detailed response to the petition and also filed a counter-petition for contempt in which she alleged that Husband was in arrears in payment of the ordered child support payments and in payment of an award of alimony in solido. Husband filed an answer to the counter-claim for contempt and joined issue on the allegations therein.

The parties appeared in court for a hearing on June 30, 1995, and subsequently on August 15, 1995, the trial court filed a memorandum opinion in which the court first set out the stipulations of the parties concerning agreed visitation. The court then made extensive findings concerning the allegations of contempt, the arrearage in child support and alimony, the modification of the child support payments and the award of attorney fees. The memorandum

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

opinion was made the order of the court.

Husband filed a "Motion to Alter or Amend or in the Alternative for a New Trial" in which he sets out in detail the alleged miscalculation by the trial court of the alleged arrearage and the amount set for future child support payments.

Wife filed a "Response and Opposition to Motion to Alter or Amend or in the Alternative Motion for a New Trial." The response contradicts statements made by Husband as to stipulations and proof in the case. The response painstakingly sets out the various monetary amounts involved in the calculation and then proceeds to set out "three possible scenarios" designated as "Ms. Brooks's scenario," "Mr. Brooks's scenario," and "Scenario based upon receipts submitted by Mr. Brooks during the trial of the cause taking into consideration all receipts were credited to child support which Ms. Brooks objected to."

We point out the response to illustrate the confusing and contested nature of the proceedings in the trial court.

On January 11, 1996, the trial court filed a second memorandum opinion which became the order of the court again reciting various and sundry findings of fact and ultimately denying Husband's motion. The technical record reflects that Husband submitted a purported statement of the evidence of the June 30, 1995 hearing, but it is not a part of the record on appeal. However, Wife filed a "Response of Ramona E. Brooks in Opposition to the Statement of Evidence," in which she quotes the statement of the evidence filed by Husband which states in part:

> Neither the parties nor any other witness were sworn and no testimony or other evidence of any nature was presented to the Court prior to entry of the final judgment. The Court reserved judgment.

Wife's response also states:

> Ms. Brooks would state and show unto the Court that the hearing was conducted on June 30, 1995. Present at that hearing was each party and their respective attorney of record.
>
> Neither party was sworn.
>
> Each attorney of record gave an opening statement to the pending issues. During opening statements, the Honorable Judge Shipley made certain inquiries on various points of interest to her and in the event the attorney of record did not know the answer, the

2

client informed the attorney of record out loud in open Court.

All issues were taken under advisement by the Second Circuit Court of Davidson County, Tennessee, without sworn testimony. Documents including various proofs of payments were submitted to the Court during opening arguments but were not made exhibits.

Pursuant to the instructions of the Second Circuit Court of Davidson County, Tennessee, counsel for Mr. Brooks filed her proposed Finding of Facts which included exhibits of proof of payment on July 7, 1995.

On July 18, 1995, counsel for Mrs. Brooks filed her Response to the Findings of Fact.

On July 24, 1995, counsel for Mr. Brooks filed a reply to the Respondent's proposed Findings of Fact.

On August 15, 1995, the Second Circuit Court prepared and filed its own Memorandum of Opinion stating its findings of facts; the same being incorporated herein and made part of this Response as if fully set out verbatim.

On September 8, 1995, counsel for Mr. Brooks filed her Motion to Alter or Amend the Judgment or in the Alternative Motion for New Trial and attached exhibits to said Motion.

On October 3, 1995, counsel for Ms. Brooks filed her Response in Opposition to the Motion to Alter or Amend or in the Alternative Motion for New Trial. On October 13, 1995, a hearing was conducted consisting of oral argument with exhibits being introduced during said argument.

As a result of the hearing on September 13, 1995, the Second Circuit Court entered its own Memorandum Opinion on January 11, 1996 reiterating its findings of fact; the same being incorporated herein and made part of this Response as if fully set out verbatim.

The Respondent/Counter Petitioner, Ramona E. Brooks, objects to any statements contained in the Statement of Evidence submitted by Kenneth Carl Brooks not consistent with the above stated Court Record and would move this Honorable Court to denote this pleading as the more accurate Statement of Evidence for Appellate purposes.

The response is marked "approved" and signed by the trial judge on June 24, 1996, apparently to designate it as a statement of the proceedings.

We only need to consider Husband's first two issues which, as stated in his brief, are:

Whether the trial judge may make findings of fact without the representation of competent evidence.

Whether appellant was afforded due process by the denial of a

3

hearing on June 30, 1995.

It is apparent from an examination of the record that the hearing was held on June 30, 1995, but no sworn testimony was elicited nor exhibits introduced by virtue of sworn testimony or stipulation of the parties. It is readily apparent that there is a sharp disagreement between the parties as to the facts of the controversy. Witnesses are required to take an oath or affirmation, Tenn.R.Evid. 603, and in the absence of stipulations, findings of fact of the court must come from the evidence introduced. What purports to be a statement of the evidence, i.e., the response of Wife in opposition to Husband's statement of the evidence, establishes that there was no real evidentiary hearing in this case as to the contested facts.

Husband contends that he should have an opportunity to put on proof, and Wife has not filed a brief on appeal. It appears to this Court that the trial court was somewhat misled by counsels' approach to the hearing and the failure to offer witnesses to take the stand.

We feel that this a proper case for the application of T.C.A. § 27-3-128 (1980) which provides:

> **27-3-128. Remand for correction of record.** - The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

We conclude that complete justice cannot be had because of the state of the record before us.

Therefore, the order of the trial court is vacated, and this case is remanded for an evidentiary hearing on the issues raised by the petition for modification and the response thereto. The provisions for child support and visitation set out in the trial court's order shall remain in effect until replaced by order of the trial court. Costs of the appeal are assessed one-half to appellant and one-half to appellee.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____

4

**DAVID R. FARMER, JUDGE**

_____

**HOLLY K. LILLARD, JUDGE**